## TIMOTHY TAFT & wife *vs.* OBADIAH MORSE & others.

A testator devised all his real estate to his sons, by their paying to each of his daugh-ters a certain sum " out of the estate." *Held,* that the sons took an absolute estate in fee, charged with the legacies to the daughters, and not an estate upon condi-tion ; and that the daughters had a remedy, for non-payment of their legacies, not only against the sons, but also against any ter-tenants who purchased the estate with notice of the charge.

THIS was a writ of entry to recover one undivided seventh part of a tract of land in Douglas, which was formerly owned by Aaron Marsh, the father of the female demandant, and was set off, under the provisions of his will, to his widow, during her life.

A trial was had at April term 1841, of which the following is a report : Aaron Marsh, the former owner of the demanded premises, died in 1807, leaving seven children, viz. three sons and four daughters, and his will was duly proved and allow-ed on the 26th of May of that year. The will contained this clause : " I give, devise and bequeath to my three sons, Fuller, Aaron and Eli, all my real estate, to be divided equally among them, after deducting $ 100, which Fuller is to have more than the others, by the said Fuller, Aaron and Eli's paying to each of my daughters, to wit, Lydia Hill, the wife of Caleb Hill, Sally, Sukey and Polly, out of my estate, after my just debts are paid, and deducting the legacy to my wife, and the $ 100 to my son Fuller, in the proportion, that as often as a son shall have $ 600, a daughter shall have $ 400. And in order to ascertain what each daughter shall have, my will is, that three judicious men shall appraise my real estate, at the expiration of three years after my decease, and that appraisement shall be the sum to be taken to ascertain each daughter's portion, in the proportion above mentioned : That Lydia shall receive her per-

tion in three years after my decease ; but what she has already received and I have charged against her, as part of her portion, is to be deducted from her portion ; and my other daughters shall receive their portions, as they shall arrive to the age of twenty one years or marriage."

The said daughters all married under age. Polly, the female demandant, was married July 2d 1818.

On the 31st of January 1810, commissioners were appointed by the probate court, to set off to the testator's widow, according to his will, one third part of his real estate, to be held by her during life ; and the report of the commissioners was ac cepted by said court, May 28th 1811.

An appraisement of the entire real estate was then made ; and it appeared that the sons paid to the daughters what they could respectively take, under their father's will, having reference only to the two thirds of said estate, which was left to the sons after said assignment to their mother. There was also evidence tending to prove that the sons had paid the daughters what would come to them on account of the other third part of said estate. But this was denied by the demandants.

The widow of the testator died before the commencement of the action.

The tenants derived title to the demanded premises under conveyances from the several aforesaid devisees, Fuller, Aaron and Eli, or their grantees. These conveyances were made subject to the life estate of the testator's widow, but no other incumbrance was therein expressed or noticed. It appeared, however, that the tenant, Morse, when he took a conveyance of one third of the demanded premises, knew that the testator's daughters made a claim on the estate ; but that he, at the same time, said he " did not believe they had any such claim."

The demandants, before this action was brought, demanded of the several tenants, the sum they claim to be due, under the will aforesaid, on account of the third part of the estate assigned to the widow for life ; but they made no entry upon the demanded premises.

The jury were instructed, for the purposes of the trial, that

the demandants were entitled to recover, if they had not paid what was due to them on account of the estate assigned to the mother ; and a verdict was returned for the demandants.

Judgment to be rendered on the verdict, against any or all of the tenants, or to be set aside and a new trial granted, according to the opinion of the whole court.

This case was argued at the last October term.

*Newton & Barton,* for the tenants.

*C. Allen,* for the demandants.

WILDE, J. This case depends on the construction to be given to the last will and testament of Aaron Marsh, whereby he devised to his three sons, Fuller, Aaron and Eli, under whom the tenants claim title, all his real estate, to be divided equally between them, by their paying certain legacies to his four daughters, of whom Polly Taft, in whose right the demandants sue, is one. The question is, what estate the three sons took in the devised premises. On the part of the demandants it is contended that they took an estate on condition, which became forfeited by the non-payment of the legacies. On the part of the tenants, it is maintained that the estate devised was an absolute estate in fee simple, but charged with the payment of the legacies to the daughters.

To settle this question, we are to determine, from the terms of the will, what was the intention of the testator in the disposition of his real estate. And it is clear that he intended his three sons should take an estate in fee simple ; for he devises to them, in express terms, all his real estate. And whether the devise was conditional or absolute, it is certain they were personally charged with the payment of the legacies to their sisters.

Whether the devise were conditional or not, is a question of more difficulty, and does not depend upon any express words of condition, or technical language ; for it is a well established doctrine, as laid down by Lord Coke, that many words in a will make a condition in law, that make no condition in a deed. Co. Lit. 236. On the other hand, if there be words of condition, they may be construed as a limitation, if the remedy to a party would otherwise be defeated : As if land of the nature of bor

ough English be devised to the eldest son paying 40*s.* to the other children, it shall be taken as a limitation, and the other children may enter for non-payment : Whereas if it should be a condition, the eldest son himself, who was heir, would take advantage of it. Com. Dig. Estates by Devise, N. 10. *Wellock* v. *Hammond,* Cro. Eliz. 205. Generally, however, if a man devises land to another, *ad faciendum,* or *ea intentione,* that he should do a particular thing, or *ad solvendum,* or that he pay a sum of money, &c. this makes a good condition. Co. Lit. 204. 236. Lord Coke cites *Crickmere's case,* Cro. Eliz. 146, and 1 Leon. 174, where a man seized of certain lands, holden in socage, had issue two daughters, A. and B., and devised all his lands to A. and her heirs, to pay unto B. a certain sum of money, which was not paid ; and it was adjudged, that the words " to pay," &c. did amount, in a will, to a condition ; and the reason given was, that otherwise B., to whom the money was to be paid, would be remediless. A similar rule of construction was laid down in *Boraston's case,* 3 Co. 20, in *Portington's case,* 10 Co. 41, and in sundry other cases. In these cases, there was no charge on the real estate, and consequently the legatees had no certain security for the payment of their legacies.

But a different rule of construction applies where there is superadded to words, which may be construed as words of condition, a charge on the estate devised, to secure the payment of the legacies. For if the estate was intended to be devised on condition, or by way of a conditional limitation, no further security on the same estate could be necessary. And if the estate be so charged, it is strong if not conclusive proof, that the testator did not intend that the devise should be defeated by the non-payment of the legacies, but that it should stand as security only. And this rule of construction applies to the will in the present case. The land is given to the testator's three sons, they paying to his daughters certain legacies *out of his estate.* All his real estate was given to the sons, the same to be appraised, and each of the daughters was to receive of the appraised value, in the proportion " that as often as a son shall

have six hundred dollars a daughter shall have four hundred dollars." By this clause in the will, we think it sufficiently clear that the testator intended to charge the estate, devised to the sons, with the payment of the legacies to the daughters. And there is no other part of the will from which a different intention can be inferred. That a devise of lands, the devisee paying " thereout," or " out of the estate," certain legacies, is to be construed as a charge on the estate, is maintained by numerous authorities, most of which are cited and considered in *Gardner* v. *Gardner,* 3 Mason, 178. That case was very ably argued by eminent counsel, and fully discussed by Story J. whose decision was afterwards affirmed by the supreme court of the United States. 12 Wheat. 498. In that case the testator had devised to one of his sons a certain estate, " he paying all my just debts out of said estate : " And it was held, that the debts were not a mere charge on the devisee, but a charge also on the land devised. It was argued in that case, that the estate devised was an estate on condition. But Story J. held, very clearly, that the language of the will fixed a charge on the estate. " This," he remarks, " is the common sense of the words of the will ; and if we assume any other construction, we must strike from the will the words ' out of the said estate,' which no court can be justified in doing without necessity, and more especially, when it would defeat the obvious intention of the testator." The intention of the testator appears to us equally obvious in the present case. By charging his estate with the payment of the legacies, the testator manifested the intention of providing ample security for the legatees, and nothing more. His intention was to divide his real estate, in certain proportions, between his children. The daughters, however, were to receive their portions in money, according to the appraised value of the lands, upon which they were to have a lien for their security. This lien or charge on the lands seems inconsistent with a devise on condition ; for if the testator intended to give an estate on condition, there was no necessity for charging the lands, in order to secure the payment of the legacies.

But if it were doubtful whether the testator intended to annex

a condition to the devise, or to charge the estate devised for the security of his daughters, we think it should be construed as a charge, rather than as a condition ; for a condition to defeat an estate is to be construed strictly. And if the devise in this case were on condition, it would be a condition subsequent ; for the estate vested in the devisees long before the legacies were payable.

We have, however, no doubt that the testator intended to charge the estate devised, and not to subject it to forfeiture on the failure of the devisees to pay the legacies. Apt words are used to charge the estate, and they seem to indicate the intention of the testator as clearly as if the estate had been charged in express terms. And this raises a strong presumption, that the estate was not intended to be given on condition.

Considering then the estate devised as subject to a mere charge only, it follows that this action cannot be maintained. A mere charge is no legal interest in the land charged, as was laid down by Lord Eldon, in *Bailey* v. *Ekins*, 7 Ves. 323, and by Story, J. in *Gardner* v. *Gardner*.

The plaintiffs' remedy, if not lost by neglect, and lapse of time, is by an action at law against the devisees, or against the ter-tenants, if they purchased with notice of the charge, according to the doctrine laid down in *Swasey* v. *Little*, 7 Pick. 296 ; or by a bill in equity, which is probably the more appropriate and effectual remedy. See *Eland* v. *Eland*, 1 Beavan, 235. 4 Mylne & Craig, 420.

*Verdict set aside and a new trial granted.*